THE BANK OF NEWARK v. GEORGE W. CRAWFORD.

The alteration of an accommodation note by the maker in a material part, after endorsement, but before delivery, and without the sanction of the endorser, will vitiate and avoid it in the hands of the endorsee, as to the endorser.

THIS was an action by the bank as the endorsee of a promissory note made by Robert Cann and payable to the order of the defendant and by him endorsed to the plaintiff. The note was for $326 51, dated August 24th, 1858 and payable twelve months after date.

Robert Cann, the maker of the note testified that he called on Dr. Crawford, the defendant, and requested him to endorse a note for him for $300, with a note in hand already drawn up for that amount payable to his order, that he might get it discounted, which he did, and that when he endorsed it, it was for three hundred dollars only; that nothing was said to him about making any alterations in, or additions to the note, either in the amount of it, or in any other respect, nor did he authorize any to be made in it The time for which the note was to be given was then in blank, as the object was to obtain

as long a stay, or credit on it as possible. The words in the body and at the conclusion of the note, "payable at the Bank of Newark" were not then in the note, but were added afterward in the absence of the endorser, by him, the maker, at the bank. It was not discount day when he took it to the bank, and never was discounted by the bank to his knowledge ; and he afterward on the 13th of November, 1858, gave Dr. Crawford an order on the bank to deliver the note up to him. When he took the note to the bank, he altered the amount from $300 to $326 51, in the presence of the cashier and with his knowledge and approbation, but before he delivered it to him. The reason for this was that the bank held his bond for the latter sum, but which he supposed to be for the former amount when he drew the note, and his object was to take up the bond with the money obtained upon it; but he did not inform the defendant, Dr. Crawford, of this.

John Miller, cashier of the bank, testified to the identity of the note, but had no recollection of its having been altered at the bank, as stated by the preceding witness ; but one thing was certain, it had not been altered since it was delivered to the endorsee, the bank. The object in getting the note, was not to have it discounted by the bank, but to obtain and hold it as additional security for the bond which the bank held against Mr. Cann. He had no recollection that Dr. Crawford had ever presented an order at the bank from Mr. Cann for the note. The bank still held the bond against the latter and when the note was discounted the amount of it was entered and still stood to his credit. The usual rate of discount at the bank was at sixty days, and it had in no other case discounted for more than four months.

*Rodney*, for the plaintiff, admitted as a general principle, that any alteration in a material part of a note after endorsement, without the sanction of the endorser, would invalidate it. But it was only when it had thus become a complete and negotiable instrument before the altera-

tions were made in it; for so long as it remained inchoate and *in fieri*, the rule was otherwise, as to alterations of even a material, or substantial nature then introduced and inserted in it; and particularly, was the latter rule of construction applicable, when it was an accommodation note, as this had been proved to be; because an accommodation note is not issued and complete, until it is in the hands of some one who is entitled to hold it, as a negotiable security. *Byles on Bills* 241. *Chitty on Bills* 130. *Walton v. Hastings*, 4 *Camp.* 223. *Story on Prom. Notes, sec.* 408. *Downs v. Richardson*, 7 *Eng. C. L. R.* 227.

*The Court, Gilpin, Ch. J.*, stopped the counsel for the defendant, and charged the jury, that if they were satisfied from the evidence, that after the note had been endorsed by the defendant, the amount of it was altered from $300 to $326 51, without his knowledge and consent, it was fatal to the present action, as an alteration in a material part of the note without his sanction, would vitiate and render void the instrument as against him, and the plaintiff therefore could not recover.

*G. B. Rodney*, for the plaintiff.

*D. M. Bates*, for the defendant.